### STEPHEN BARKER *vs.* JOHN WALSH.
### SAME *vs.* SAME & others.

If a writ of *audita querela* and a bill in equity have been brought to obtain relief from the same grievance, and both cases have been reserved for the consideration of the full court without objection being made on the ground that the plaintiff could not at the same time maintain proceedings at law and in equity for the same cause, it is too late to raise the objection at the argument of the cases before the full court.

The plaintiff in an action wrongfully recovered judgment against one of the defendants therein and took out execution and levied the same upon an equity of redemption which the defendant had conveyed in fraud of creditors. This levy became ineffectual by reason of the omission of the creditor to bring an action for possession within a year. The defendant thereafter sued out a writ of review of the judgment, and obtained thereon a judgment against the plaintiff, under Rev. Sts. c. 99, for the amount of the execution which had been levied by the plaintiff, and took out execution thereon, and levied the same upon land of the plaintiff. *Held,* that the plaintiff had no remedy either by *audita querela* or bill in equity to obtain relief from the judgment in review and execution thereon.

THE *first* of these cases was a writ of *audita querela,* dated September 23d 1865, brought in the county of Middlesex, setting forth the wrongful recovery of a judgment in review by the defendant against the plaintiff, and the wrongful levying of the execution obtained on said judgment upon the plaintiff's rea. estate, and praying that the judgment and execution and levy might be set aside and annulled.

The *second* was a bill in equity, filed September 25th 1865, brought in the county of Essex, setting forth the same facts, and the apprehension that Walsh had conveyed or would convey the estate levied upon by him to certain other persons, and the bringing of the writ of *audita querela,* and praying for an injunction to restrain the defendants from conveying away or incumbering the real estate levied upon, until the right of the plaintiff should be decided under his writ of *audita querela.* By an amendment, the plaintiff also prayed for leave to redeem the premises in case the writ of *audita querela* should be dismissed.

At the hearing of the first case, before the chief justice, the following facts appeared : On the 25th of March 1856, the plaintiff brought an action against the defendant, jointly with another person, upon a promissory note which the defendant had signed as surety for said other person. When the writ was delivered to the officer for service, the plaintiff instructed him to inform Walsh that the summons was merely formal, and he need not appear, and no judgment would be taken against him. Notwithstanding this, the plaintiff did take judgment against Walsh by default, at October term 1857, for the full amount of the note, interest and costs, amounting in all to $744.85, upon which judgment he took out execution, which in March 1858 was levied upon an equity of redemption of land, which Walsh had conveyed in fraud of creditors. In making said levy, the plaintiff instructed the officer to conform to the provisions of the statute for setting aside conveyances made in fraud of creditors ; and at the sale the plaintiff was the highest bidder, and the equity of redemption and all right and title of Walsh in the land was struck off to him, and he received a duly executed deed of the same, and the execution was returned by the officer fully satisfied. The plaintiff recorded his deed from the officer, but did not bring a suit to recover the land within a year. The value of Walsh's equity of redemption at the time of the sale was about $1000.

At October term of this court 1858, Walsh presented a petition praying for a writ of review of the judgment against him, alleging the information and promise of the plaintiff, given by

the officer, as a ground thereof; and after a hearing a writ of review was granted, and a trial thereof was had, and Walsh alleged in defence that the note had been paid by the principal promisor, and that he as surety had been released by the plaintiff. The jury found for Walsh. The execution issuing upon the judgment of the plaintiff against Walsh having been returned fully satisfied, Walsh, under the provisions of the statute, took judgment and execution for the like sum. The plaintiff and his counsel did not in fact know what judgment had been rendered against him, until notified by the officer of his intention to levy the execution. This execution of Walsh against the plaintiff was levied in August 1865 upon land of the plaintiff.

The judgment in review and the levy under it were the grievances of which complaint was asked to be heard; and the case was reserved for the determination of the whole court.

The second case was also reserved by *Chapman*, J., for the determination of the whole court, upon the bill and answers, by which substantially the same facts appeared as are above recited.

When the cases came up for argument, *B. F. Butler*, for the defendant, contended that the plaintiff should be compelled to elect which form of remedy he would pursue; whether he would rely on the writ of *audita querela* or the bill in equity; and that a suit at law and in equity for the same cause could not stand together.

*T. H. Sweetser*, for the plaintiff.

BIGELOW, C. J. The cases were reserved after a full hearing; and therefore, though the motion might have been proper if made earlier, it is now too late. The plaintiff cannot have recourse to two remedies; if the *audita querela* gives him a remedy, the bill in equity will be dismissed; and *vice versa*.

*T. H. Sweetser & A. R. Brown*, for the plaintiff. The judgment of the defendant against the plaintiff was made up erro-neously by the clerk, in the plaintiff's absence, on the supposition that the prior judgment had been fully satisfied. The plaintiff did not know of th mode of taking judgment until too late to

bring error. The defendant did not levy his execution for some years, though the plaintiff was a man of property. He knew that no real satisfaction of the former judgment had been obtained, and was guilty of a fraud in obtaining the judgment in the form he did against the plaintiff. Under these circumstances, *audita querela* is the proper remedy. *Turner* v. *Davies*, 2 Saund. 148. *Dingman* v. *Myers*, 13 Gray, 1. *Lovejoy* v. *Webber*, 10 Mass. 101. If not, relief may be afforded under the bill in equity. *Ocean Ins. Co.* v. *Field*, 2 Story R. 59. If no other relief remains open for the plaintiff, at least he should be allowed to redeem.

*B. F. Butler & W. P. Webster*, for the defendant.

HOAR, J. The plaintiff in the first suit seeks, by his writ of *audita querela*, to be relieved from a judgment and execution recovered against him. To entitle himself to this relief, he must show that something has occurred affecting the validity of the judgment or execution, which he has not had an opportunity to plead.

But on a careful analysis of the case, we do not find that anything has been done, of which the plaintiff has a legal right to complain. The case must be one where legal process has been abused, and injuriously employed to purposes of fraud and oppression. *Lovejoy* v. *Webber*, 10 Mass. 101. Now, though the plaintiff's condition is an unfortunate one, and we are by no means sure that the defendant or those claiming under him, may not have taken advantage of it in a manner not commendable, yet there does not appear to have been any perversion or abuse of the process of the courts.

The plaintiff, in the first instance, recovered a judgment against the defendant, and caused his execution to be levied by the sale of an equity of redemption in real estate, which he averred was the defendant's property, and conveyed by him in fraud of his creditors. The execution was returned as satisfied, and appeared by the record to be so. The defendant afterward prosecuted his writ of review, and prevailed therein. A judgment was thereupon rendered in his favor against the plaintiff, for the same amount for which the plaintiff had previously

recovered his judgment and taken execution. Such a judgment was expressly authorized by Rev. Sts. *c.* 99, the statute then in force; and if the plaintiff's execution was really as well as apparently satisfied, it was the only proper judgment that could be entered. In any event, it was a judgment which the court could lawfully enter in its discretion. If the plaintiff wished to show that he had derived no actual benefit from his levy, the time for him to do it was when the judgment in review was entered. It would then have been competent for the court to enter as the judgment in review a reversal of the original judgment. *Thayer* v. *Goddard*, 19 Pick. 60. *Carrique* v. *Bristol Print Works*, 8 Met. 444. And this judgment would have effected complete justice between the parties, because the execution and levy would have become inoperative, with the reversal of the judgment upon which they were founded. Or, when judgment was rendered for the plaintiff in review in its present form, the present plaintiff might have brought *scire facias* on his original judgment, and have shown that the apparent satisfaction of his execution had failed, and thus obtained a new judgment to be used in set-off.

But the real source of his difficulty is, that he paid no attention to the entry of judgment in review, and made no application to the court for the entry of such a judgment as would protect him. The court had no means of knowing that a complete title to the equity of redemption sold on the execution had not been obtained, or that the title had not passed to some purchaser in good faith. Under these circumstances, they rendered the usual, legal, proper judgment in review. If the present plaintiff suffers by it, it is the consequence of his own inattention and neglect. He is in no worse condition than that of any party in a case where there are cross judgments, and an omission to procure a set-off of the judgments on executions.

*Judgment for the defendant.*

In the second suit, for the reasons already given upon the *audita querela*, the plaintiff has no title to relief in equity against the judgment and execution which the defendant has enforced against him.

We can see no reason, however, why this bill may not be sustained as a bill to redeem from the levy on execution, for which purpose it was seasonably begun. A decree for redemption may therefore be entered upon the terms provided by Gen. Sts. *c.* 103, §§ 26, 29, 30, 31.